# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: R.J., A.L., A.J., and L.L.**

**No. 13-0697** (Fayette County 12-JA-47 through 12-JA-50)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Thomas Rist, appeals the Circuit Court of Fayette County's June 9, 2013 order terminating her parental rights to R.J., A.L., A.J., and L.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Walters, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Anthony Ciliberti Jr., filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in terminating her parental rights because the DHHR untimely filed the Uniform Child Case Plans.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

The abuse and neglect petition in this action was filed on May 22, 2012, after Child Protective Services ("CPS") received a referral from the Child Abuse Hotline indicating that Petitioner Mother left the children unsupervised in her hotel room for forty-five minutes while she drank at a bar. A CPS worker investigated the allegation and found the children unattended in Petitioner Mother's hotel room. The CPS worker alleged that the temperature of the hotel room was set at ninety-five degrees Fahrenheit. Additionally, the worker observed that there was no evidence of food or baby formula in the room, that the children were not wearing clothes or shoes, and that L.L., at the time eight months old, lacked hair on the back of his head (indicating that he lies down excessively), and that L.L. was wheezing with a runny nose.[1] As a result of the investigation, Petitioner Mother was arrested for felony child neglect and eventually placed on probation.

---

[1] Officer Lightner disclosed to the CPS worker that when he arrived at the hotel room, the children "were so thirsty they were motioning for toilet water." Officer Lightner also stated that he purchased pop tarts and Similac for the children and that the children "ravaged the pop tarts and it appeared they had not eaten for a while" and the baby drank "a lot of Similac."

The circuit court held an adjudicatory hearing in August of 2012, after which Petitioner Mother was granted a post-adjudicatory improvement period. She was required to attend parenting and adult life skills classes, to attend rehabilitation at Prestera, and to follow the recommendations of her psychological evaluation.[2] In March of 2013, Petitioner Mother was granted a ninety-day extension of her post-adjudicatory improvement period.[3] In June of 2013, the circuit court held a dispositional hearing and terminated Petitioner Mother's parental rights for failing to correct the circumstances that led to the filing of the instant petition. It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. Petitioner Mother argues that the circuit court erred in allowing the DHHR to file the Uniform Child Case Plan in an untimely matter. Specifically, Petitioner Mother argues that she was denied an opportunity to present her case at the dispositional hearing because the Uniform Child Case Plans were filed four days prior to the hearing, rather than five days in advance as required by Rule 29 of the Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-2(c).

---

[2]The record is devoid of any information regarding what services Petitioner Mother was to receive at Prestera, or what, if any, recommendations were made as a result her psychological evaluation. However, inasmuch as Petitioner Mother failed to comply with other requirements of her improvement period, as described in the body of this decision, this information is not crucial to our analysis.

[3]The record lacks any information as to why Petitioner Mother was granted this extension.

This Court has held that "'[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.' Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001)." Syl. Pt. 6, *In re Elizabeth A.,* 217 W.Va. 197, 617 S.E.2d 547 (2005).

The parties do not dispute that the DHHR did not strictly comply with Rule 29 of the Rules of Procedure for Child Abuse and Neglect Proceedings when it filed the Uniform Child Case Plans four judicial days before the dispositional hearing. Although we find that the temporal requirements for the filing of the children's case plans were not satisfied in this case, the delay did not substantially frustrate the purpose of such procedural rules. *See* W. Va. R. Proc. for Child Abuse and Neglect Proceed. 2 ("These rules shall be liberally construed to achieve safe, stable, secure permanent homes for abused and/or neglected children and fairness to all litigants. These rules are not to be applied or enforced in any manner which will endanger or harm a child . . .").[4]

The record before us shows that the DHHR filed two status reports, imputing to Petitioner Mother knowledge as early as April 9, 2013, of the conditions that needed to be remedied in order for her to reunify with her children. The May 28, 2013, status report, which was prepared more than five judicial days in advance, also clearly conveyed that the DHHR was going to move to terminate Petitioner Mother's parental rights. Despite this notice, Petitioner Mother failed to make the necessary improvements. Petitioner Mother missed or delayed an unspecified number of visitations and missed nine adult life skills classes and/or individualized parenting classes. Furthermore, the circuit court found, and Petitioner Mother does not dispute, that she tested positive for marijuana during the improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and the June 9, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4]Nevertheless, we admonish the DHHR for failing to follow the clearly established Rules of Procedure for Child Abuse and Neglect Proceedings.